NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT EARL JOHNSON, | No. 22-35918 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05514-BHS |
| v. | |
| SARAH KARIKO, M.D., DOC's Chief Medical Officer; FRANK LONGANO, M.D., DOC's Deputy Chief Medical Officer; PAMELY SAARI, ARNP and SARAH E. LANDIS, PA-C, DOC's Care Review Committee & Chair Persons; JONATHAN NEAU, PA-C; STEPHEN SINCLAIR, Secretary of Department of Corrections; JOHN TURNER, Sgt., CRCC Mail Room; REBECCER HOFFARTH, CRCC Mail Room, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted September 13, 2024**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Robert Earl Johnson, a Washington state inmate at the Coyote Ridge Corrections Center ("CRCC"), appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety and serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016), and we affirm.

The district court properly granted summary judgment for defendant Sinclair because Johnson failed to raise a genuine dispute of material fact as to whether Sinclair was deliberately indifferent to a serious threat to Johnson's safety if he, a high-risk prisoner with other medical conditions, contracted COVID-19.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (explaining that prison official violates Eighth Amendment if official knew of and disregarded an excessive risk to inmate's safety; the official must have been aware of facts from which inference could be drawn that a substantial risk of serious harm existed, and must have drawn that inference); *id*. at 844 (explaining that official who actually knew of substantial risk of harm may not be liable if they reasonably responded to risk, even if harm ultimately was not averted).

The district court also properly granted summary judgment to the medical provider defendants because Johnson failed to raise a genuine dispute of material

fact as to whether these defendants were deliberately indifferent to Johnson's medical needs regarding his knee. *See Hamby*, 821 F.3d at 1092 (requiring a showing that chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to prisoner's health); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (explaining that a difference of medical opinion concerning what medical care is appropriate does not establish deliberate indifference).

We do not consider matters not specifically and distinctly raised in the opening brief. *Padgett v. Wright*, 587 F.3d 983, 986 n.2 (9th Cir. 2009).

Johnson's motion for an extension of time to file the reply brief (Docket Entry No. 18) is granted. The reply brief has been filed.

All other pending motions are denied as moot.

**AFFIRMED.**